IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

MICHELE ALSBROOK, LATANYA BROWNLEE,
BUFFY CLEVEN (BELL), BARBARA COLLINS,
EDWARD EVANS, WENDY HOLLEY, KENDRA LLOYD,
CALEB MARTIN, MERCEDES TREADWAY,
KENDRA WARREN, and DARREN WILLIAMS, all
collectively and individually,

        **JURY DEMANDED**

        Plaintiffs,

        Docket No._____

v.

CONCORDE CAREER COLLEGES, INC.,

        Defendant.

## COMPLAINT

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSE:

    COME NOW MICHELE ALSBROOK ("Alsbrook"), LATANYA BROWNLEE ("Brownlee"), BUFFY CLEVEN (BELL) ("Bell"), BARBARA COLLINS ("Collins"), EDWARD EVANS ("Evans"), WENDY HOLLEY ("Holley"), KENDRA LLOYD ("Lloyd"), CALEB MARTIN ("Martin"), MERCEDES TREADWAY ("Treadway"), KENDRA WARREN ("Warren"), and DARREN WILLIAMS ("Williams") (any of the foregoing may be referred to individually as "Plaintiff" or collectively as "Plaintiffs"), and for their individual and collective causes of action against Concorde Career Colleges, Inc. (hereinafter "Concorde" or "Defendant"), by and through their undersigned attorney, hereby state to the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.       Plaintiff, Alsbrook is an adult resident citizen of Shelby County, Tennessee, presently residing at 6885 Andrews Road, Bartlett, Tennessee 38135.

2.       Plaintiff, Brownlee is an adult resident citizen of Shelby County, Tennessee, presently residing at 3021 Meadowfair Road, Memphis, Tennessee 38118.

3.       Plaintiff, Bell is an adult resident citizen of Tate County, Mississippi, presently residing at 209 Bowden Street, Senatobia, Mississippi 38668.

4.       Plaintiff, Collins is an adult resident citizen of Shelby County, Tennessee, presently residing at 747 Eva Street, Memphis, Tennessee 38112.

5.       Plaintiff, Evans is an adult resident citizen of Shelby County, Tennessee, presently residing at 109 Lynnfield Street, Memphis, Tennessee 38120.

6.       Plaintiff, Holley is an adult resident citizen of Shelby County, Tennessee, presently residing at 4551 Jonesy Lane, Memphis, Tennessee 38125.

7.       Plaintiff, Lloyd is an adult resident citizen of Shelby County, Tennessee, presently residing at 52 South McCall Cove, Collierville, Tennessee 38017.

8.       Plaintiff, Martin is an adult resident citizen of DeSoto County, Mississippi, presently residing at 4730 East Dublin Circle, Olive Branch, Mississippi 38654.

9.       Plaintiff, Treadway is an adult resident citizen of Shelby County, Tennessee, presently residing at 4024 Camelot Lane, Apartment 4, Memphis, Tennessee 38118.

10.      Plaintiff, Warren is an adult resident citizen of Shelby County, Tennessee, presently residing at 3125 Estes Street, Memphis, Tennessee 38115.

11.      Plaintiff, Williams is an adult resident citizen of Shelby County, Tennessee, presently residing at 3358 Ashland Street, Memphis, Tennessee 38127.

12.     Defendant, Concorde, is a Delaware for-profit corporation with a principal place of business at 5800 Foxridge Drive, Suite 500, Mission, Kansas 66202. Concorde may be served through its registered agent, Registered Agent Solutions, Inc., at 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

13.     This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, diversity of citizenship. The diversity of citizenship requirement is met because Plaintiffs are citizens of different states than Defendant. The amount in controversy exceeds $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332(b).

14.     This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, supplemental jurisdiction.

15.     Venue is proper in the Federal Court for the Western District of Tennessee at Memphis pursuant to 28 U.S.C. § 1391, as all or a substantial part of the actions giving rise to this suit occurred in Shelby County, Tennessee.

## FACTS

16.     Plaintiffs re-allege and incorporate herein, as if set forth in full, each and every allegation contained in the preceding paragraphs and further alleges as follows.

17.     Concorde is a for-profit corporation that, at all times relevant to this action, operated a post-secondary educational institution that it advertises as "prepares committed students for successful employment in a rewarding health care profession through high-caliber training, real world experience and student-centered support."

18.     Concorde advertises that "from before enrollment to graduation and beyond, the student is our top priority. Everything we do is designed to maximize and enhance the

educational experience, to fully prepare the student for a successful and rewarding career in health care."

19.     At all times relevant to this Complaint, Concorde advertised itself as an accredited academic institution.

20.     Beginning in 2012, Concorde advertised a new program of Associate of Applied Science degree in Health Information Management (hereinafter "HIM").

21.     Concorde advertised this program as affording the prospective student the opportunity to obtain a degree in HIM in as little as fourteen (14) months.

22.     Plaintiffs were students in this HIM program. Each and every Plaintiff was recruited into the HIM program by employees or agents of Concorde and/or learned of Concorde's HIM program through advertising either directed to them specifically or to the general public.

23.     Prior to enrollment, most students, including Plaintiffs, were assured that, provided they completed the curriculum, they would graduate in fifteen (15) to sixteen (16) months with an accredited degree that would permit them to sit for the Registered Health Information Technician ("RHIT") exam and earn an RHIT certification. Concorde made this assurance aware of its falsity, or with reckless disregard for its truth, with the intent to induce Plaintiffs to enroll in their HIM degree program in an effort to obtain a financial benefit from Plaintiffs in the form of tuition, fees, and expenses.  Plaintiffs relied on this assurance in deciding to enroll.

24.     Once Concorde had recruited Plaintiffs and a number of other students into the program, Concorde facilitated each Plaintiff in obtaining federal financial aid under the Federal

Direct Loan program, Pell grants, and/or, in the cases of Plaintiffs Evans and Williams, under the Post 9/11 G.I. Bill program.

25.     This litigation arises directly from educational services for which Concorde facilitated the procurement of Federal Direct Loans to fund Plaintiffs' participation in the HIM program.

26.     Prior to enrollment, Concorde represented to Plaintiffs that the HIM program specifically was a Commission on Accreditation for Health Informatics and Information Management Education ("CAHIIM") accredited program or would be accredited by CAHIIM by Plaintiffs' scheduled completion dates. Concorde made this representation aware of its falsity, or with reckless disregard for its truth, with the intent to induce Plaintiffs to enroll in their HIM degree program in an effort to obtain a financial benefit from Plaintiffs in the form of tuition, fees, and expenses.  Plaintiffs relied on this representation in deciding to enroll.

27.     Concorde was not, in fact, programmatically accredited as to its HIM program by any accrediting body at the time Plaintiffs enrolled. The HIM program was not programmatically accredited by CAHIIM or any other programmatic agency. Concorde omitted this fact from its advertising of the HIM program.

28.     The fact of whether a program is accredited is material because in order for an HIM degree to be of any practical use or confer benefit on the degree-holder, the holder of the degree must be able to sit for the RHIT credentialing exam administered by the American Health Information Management Association ("AHIMA").

29.     In order to sit for the RHIT exam, a candidate must possess a degree in HIM from a program accredited by CAHIIM.

30.     Virtually any job in the field of health information management that does not require a RHIT credential can be obtained with a high school diploma.  To obtain a higher-paying job or higher-level job in the field, however, RHIT certification is necessary.

31.     Concorde advertised to the general public and assured Plaintiffs specifically that, upon graduation, Plaintiffs would be able to sit for the RHIT exam.

32.     During Plaintiffs' enrollment, Concorde consistently and repeatedly misrepresented that the lack of accreditation would have no impact on the value of their HIM degree because Concorde promised Plaintiffs the HIM program would be properly accredited by their graduation date.

33.     Concorde knew or had reason to know at the time that they made the misrepresentation that students would graduate with a programmatically accredited degree from CAHIIM, that they could not make any reasonable assurances and certainly no guarantees about whether their program would become accredited. Further, they certainly could not guarantee a timeframe for accreditation.

34.     By the time Plaintiffs graduated, Concorde's HIM program had not been accredited, despite Concorde's repeated assurances that it would be accredited by graduation.

35.     After Plaintiffs graduated, Concorde repeatedly assured Plaintiffs the program would be accredited soon, assurances upon which Plaintiffs reasonably relied. Concorde continued to fail for years, however, to achieve accreditation from CAHIIM.

36.     On April 24, 2017, Plaintiff Warren made a complaint to the Council on Occupational Education, a national accrediting body for occupational education institutions, including Concorde. On information and belief, the Council on Occupational Education investigated Concorde's failure to provide an accredited degree. On information and belief,

Concorde attempted to delay the investigation by assuring the investigators that it would either obtain accreditation or timely issue a refund.

37.     Shortly after Plaintiff Warren's complaint, in June of 2017, Concorde acknowledged their failure to provide an accredited degree within a reasonable time as promised, and further promised a full refund if accreditation was not achieved by September 1, 2018:

> Dear Graduate,
>
> I wanted to provide you with an update regarding your graduation from the Health Information Management (HIM) program at Concorde Career College.
>
> Accreditation is a voluntary process which may be undertaken by schools to demonstrate compliance with specific standards designed to indicate a level of education quality. Concorde Career College is institutionally accredited (accredited in total) by the Council on Occupational Education (COE), a national accrediting agency recognized by the United States Education Department (USED) and the Tennessee Higher Education Commission (THEC). This indicates that Concorde substantially meets or exceeds the stated criteria of education quality established by COE.
>
> An additional form of accreditation that a school may undertake to obtain is a specific, individual accreditation of certain programs (programmatic accreditation). Institutional accreditation is not the same as or a substitution for programmatic accreditation. Although programmatic accreditation is not required for employment in many cases, the existence of programmatic accreditation is a further indication that a program meets the standards of the profession, and may therefore indirectly enhance employment opportunities. Also, in some cases, programmatic accreditation will allow the graduates of the accredited program to sit for some credentialing exams immediately upon graduation without any requirement of work experience.
>
> The HIM program at Concorde is not programmatically accredited by the Commission on Accreditation for Health Informatics and Information Management Education (CAHIIM) or other programmatic agency. As you may know, the HIM program at Concorde is currently pursuing programmatic accreditation with CAHIIM, and is in "candidacy" status with the agency.
>
> Although many jobs require an applicant to possess a Registered Health Information Technician (RHIT) credential, there are jobs available in the field that do not carry this credential requirement. The RHIT credentialing examination is administered by the American Health Information Management Association (AHIMA). To qualify to sit for the RHIT examination, a student must graduate

from a health information technology associate's degree program that is accredited by the Commission on Accreditation for Health Informatics and Information Management Education (CAHIIM).

If the HIM program achieves programmatic accreditation prior to the end of its candidacy period, all past and future graduates of the HIM program will be eligible to take the RHIT exam. Concorde will offer additional training and remediation for all graduates in preparation for the exam, at no charge.

We want you to know that should the program not obtain accreditation by September 1, 2018, Concorde Career College will issue you a full refund of tuition and other fees, and any applicable grants. You may retain your educational credential.

Please contact me should you have any questions at 901-761-9494.

Lee Jones
Campus President
Concorde Career College – Memphis, TN
June 2017

38.     The HIM program director requested Plaintiffs sign the June 2017 letter, more than two years after Plaintiffs graduated.

39.     In addition, roughly contemporaneously with the June 2017 letter, Concorde attempted to have Plaintiffs execute a separate "Accreditation Disclosure," which, again, made many of the same representations as in the June 2017 letter. Concorde induced those Plaintiffs who did execute the Accreditation Disclosure to do so by stating or implying that a refresher course to assist them in passing the RHIT exam was contingent on the execution of the disclosure.

40.     On May 23, 2018, Concorde sent the students another letter, this time unilaterally extending the deadline for it to achieve accreditation indefinitely.

41.     In addition to the correspondence sent by Concorde to Plaintiffs, Plaintiffs also had multiple telephone conversations and exchanged emails with Concorde, whereby Plaintiffs

requested updates on accreditation. Concorde repeatedly assured Plaintiffs that the program would be accredited.

42.     Concorde failed to achieve accreditation by September 1, 2018.

43.     After failing to achieve accreditation by September 1, 2018, Concorde refused to refund any tuition, despite Plaintiffs' requests that Concorde abide by their promise to do so.

44.     On December 31, 2018, approximately four years after Plaintiffs had graduated from Concorde's unaccredited HIM program, Concorde finally sent students a letter stating that it had achieved accreditation from CAHIIM.

45.     By this time, however, Plaintiffs had suffered significant damages as a direct result of Concorde's conduct.

46.     Not one of the Plaintiffs considered themselves prepared to sit for the RHIT examination, as years had passed between their training and the first date on which they could sit for the RHIT exam.

47.     Concorde proposed to remedy this by offering a refresher course free of charge, however all Plaintiffs contend that the refresher course was a mere fiction. The course instruction and material were totally insufficient to prepare the students.

48.     Further, the scheduling of the refresher course conflicted with some Plaintiffs' employment or educational schedules.

49.     Despite the participation of some of the Plaintiffs in the refresher course, not one of them believes that they are adequately equipped to sit for the RHIT exam at this time.

50.     One or more of the Plaintiffs sat for an RHIT practice exam, which they failed as a direct and foreseeable result of Concorde's failure to provide an accredited HIM degree at their graduation or within a reasonable time after their graduation.

51.     Further, during the years in which Concorde failed to provide its students with an accredited degree, all of the Plaintiffs had to move on with their lives. They had to seek other employment or other academic opportunities. They have expended further funds on other courses of study or simply gone back into the workforce gaining no benefit from their HIM degree.

52.     Nearly all of the Plaintiffs were passed over for employment opportunities or promotions that they would have been more likely than not to obtain, but for the lack of an RHIT certification.

53.     During the sixteen months that Plaintiffs were enrolled in the HIM program at Concorde, each and every Plaintiff lost the opportunity for employment during that time.

54.     Every Plaintiff has lost earning capacity beginning from the date on which they should have graduated with a programmatically accredited degree in HIM to present.

55.     Plaintiffs have suffered additional losses in the form of interest accruing on student loan debt incurred to pay for the course.

56.     Plaintiffs have lost access to other government benefits such as further Pell grants and/or G.I. Bill benefits that they could have and would have used to pay for alternative educational opportunities.

57.     Plaintiffs have been damaged in the amount of their tuition, fees, expenses, books, and all other costs associated with the program itself in amounts ranging from $29,000 upwards to approximately $36,000 for each Plaintiff.

58.     Each and every Plaintiff has lost opportunities for not merely the time that they spent in class but also for the time spent outside of class reading and preparing for classes, studying and preparing for exams, and commuting to and from the on-campus portions of the non-accredited program.

59.     Defendant knew or should have known that its conduct would cause the harm described above, rendering said conduct intentional and/or reckless.

60.     From the period of Plaintiffs' graduation without an accredited degree until September 1, 2018, when Defendant finally failed to comply with its ultimate promise to fully refund tuition, fees and grants, Plaintiffs continued to transact business with Concorde in an effort to resolve their situation, and Concorde has continued to transact business with Plaintiffs in bad faith up until at least the filing of this Complaint.

## CAUSES OF ACTION AGAINST CONCORDE

### Count 1: Fraud and Fraudulent Inducement to Contract

61.     Plaintiffs re-allege and incorporate herein as if set forth in full, the allegations contained in the paragraphs 1-60 as if copied herein verbatim and further alleges as follows.

62.     Defendant intentionally misrepresented the following facts or produced the following false impressions:

> a.     That the HIM program was accredited at or around the time Plaintiffs enrolled in the program;
>
> b.     That Plaintiffs would graduate from Concorde with a programmatically accredited HIM degree;
>
> c.     That Plaintiffs would graduate from Concorde with the ability to sit for the RHIT exam;
>
> d.     That, after Concorde failed to timely confer a programmatically accredited HIM degree, they would remedy this within a reasonable time;
>
> e.     That, after Concorde failed to timely confer a programmatically accredited HIM degree by September 1, 2018, they would refund Plaintiffs' tuition;

f.     That a non-programmatically accredited HIM degree would permit Plaintiffs to pursue a meaningful career in the same field; and

g.     That Defendant would provide Plaintiff a remedial course of study sufficient to prepare them to sit for and pass the RHIT certification exam.

63.     Defendant was aware of the falsity of each and every one of these claims or acted with reckless disregard for the truth at the time they were made, yet intentionally made the representation in an intentional effort to induce Plaintiffs to enroll in their HIM degree program.

64.     Defendants made each of these representations in an effort to obtain a financial benefit from Plaintiffs in the form of tuition, fees, and expenses secured by using the Plaintiffs' information to obtain Federal Direct Loans, Pell grants, and Veterans Administration benefits, all paid directly to the school by the federal government.

65.     Plaintiffs reasonably relied on Concorde's misrepresentations and suffered damages as a direct result of their reliance on Concorde's false assurances.

**Count 2: Violation of the**
**Tennessee Consumer Protection Act of 1977**
**Tenn. Code Ann. § 47-18-104**

66.     Plaintiffs re-allege and incorporate herein as if set forth in full, the allegations contained in the paragraphs 1-60 as if copied herein verbatim and further alleges as follows.

67.     Tennessee prohibits "unfair or deceptive acts or practices affecting the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-104 ("TCPA").

68.     Concorde violated the TCPA in the following ways:

a.     By causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services when it misled Plaintiffs into believing that the degree with which they graduated would be accredited on or before their graduation, or within a reasonable time thereafter,

but in any event no later than September 1, 2018, in violation of Tenn. Code Ann.

§ 47-18-104(b)(2).

b.      Causing likelihood of confusion or misunderstanding as to affiliation,

connection or association with, or certification by, another when it misled

Plaintiffs into believing that the degree with which they graduated would be

accredited on or before their graduation, or within a reasonable time thereafter,

but in any event no later than September 1, 2018, in violation of Tenn. Code Ann.

§ 47-18-104(b)(3).

c.      Representing that goods or services have sponsorship, approval,

characteristics, ingredients, uses, benefits or quantities that they do not have or

that a person has a sponsorship approval, status, affiliation or connection that such

person does not have when it misled Plaintiffs into believing that the degree with

which they graduated would be accredited on or before graduation, or within a

reasonable time thereafter, but in any event no later than September 1, 2018, in

violation of Tenn. Code Ann. § 47-18-104(b)(4).

69.      Pursuant to Tenn. Code Ann. § 47-18-109, Defendant is liable for attorneys' fees,

suit expenses, and treble damages for the foregoing violations of the TCPA.

### Count 3: Negligent Misrepresentation

70.      Plaintiffs re-allege and incorporate herein as if set forth in full, the allegations

contained in the paragraphs 1-60 as if copied herein verbatim and further alleges as follows.

71.      Concorde, through its agents and employees, and acting in the course of their

business, with an intent to guide Plaintiffs to enter into a transaction, specifically enrollment in

the HIM program, failed to exercise reasonable care when they informed Plaintiffs that Concorde:

> a.     Possessed programmatic accreditation for the HIM program that would enable Plaintiffs to sit for the RHIT exam;

> b.     Would obtain programmatic accreditation for the HIM program prior to Plaintiffs' graduation;

> c.     Would obtain programmatic accreditation for the HIM program within a reasonable time following Plaintiffs' graduation;

> d.     Would obtain programmatic accreditation for the HIM program by September 1, 2018; and/or

> e.     Would provide Plaintiffs a refresher course in HIM sufficient to allow Plaintiffs to pass the RHIT exam.

72.     Defendant negligently supplied substantially the same information from the inception of the program until September 1, 2018, when its last promise to provide a refund expired.

73.     Plaintiffs justifiably relied on this negligently supplied information to their detriment.

74.     Plaintiffs suffered damages as a result of Defendant's breach of its duty of care.

## Count 4: Promissory Estoppel

75.     Plaintiffs re-allege and incorporate herein as if set forth in full, the allegations contained in the paragraphs 1-60 as if copied herein verbatim and further alleges as follows.

76.     At all times relevant to this Complaint, Concorde made the following unambiguous promises:

a.      That Plaintiffs would earn a degree sufficient to permit them to sit for the RHIT exam upon Plaintiffs' graduation from the HIM program;

b.      That Concorde would confer a CAHIIM-accredited HIM degree by the date of Plaintiffs' graduation;

c.      That, after Concorde did not confer a CAHIIM-accredited HIM degree by the date of Plaintiffs' graduation, it would do so within a reasonable time;

d.      That, after Concorde did not confer a CAHIIM-accredited HIM degree by the date of Plaintiffs' graduation, it would do so no later than September 1, 2018; and

e.      That upon obtaining accreditation, Concorde would provide a remedial course of study sufficient to prepare Plaintiffs for the RHIT exam.

77.      Plaintiffs reasonably relied on those promises to their detriment in the following ways:

a.      Plaintiffs enrolled in the HIM program;

b.      Plaintiffs paid for the HIM program;

c.      Plaintiffs obtained Federal Direct Loans, Pell grants, and/or G.I. Bill funds to pay for the program;

d.      Plaintiffs gave up the opportunity for other employment or educational opportunities to attend the HIM program;

e.      Plaintiffs deferred seeking alternative educational opportunities;

f.      Plaintiffs deferred their right to pursue claims through the Department of Education or accrediting bodies;

g.     Plaintiffs deferred other educational and employment opportunities to attend the refresher course, which was inadequate to prepare them for the RHIT exam; and

h.     Plaintiffs deferred pursuing various remedies at law solely in reliance on Concorde's repeated promises to rectify its acts and omissions.

78.    Plaintiffs suffered damages as a result of their reliance.

## Count 5: Breach of Contract

79.    Plaintiffs re-allege and incorporate herein as if set forth in full, the allegations contained in the paragraphs 1-60 as if copied herein verbatim and further alleges as follows.

80.    By and through the above actions, Concorde contractually agreed, among other things, to provide Plaintiffs a programmatically accredited degree upon graduation, within a reasonable time after graduation, or, in no event, later than September 1, 2018.

81.    Concorde materially breached that contract in one or more of the following ways:

a.     Concorde failed to provide Plaintiffs a programmatically accredited degree upon graduation, within a reasonable time after graduation, or, in no event, later than September 1, 2018.

b.     Concorde failed to provide an adequate remedial program to enable students to meaningfully prepare for the RHIT exam as agree upon.

c.     Concorde failed to reimburse students for their tuition as agreed upon.

82.    As a result of Concorde's numerous breaches, Plaintiffs suffered damages, both actual and consequential, for which Concorde should be liable.

16

**Count 6: General Negligence**

83.    Plaintiffs re-allege and incorporate herein as if set forth in full, the allegations contained in the paragraphs 1-60 as if copied herein verbatim and further alleges as follows.

84.    Defendant owed Plaintiffs a duty of care to competently obtain programmatic accreditation for the HIM program within the various timeframes identified by Defendant.

85.    Defendant breached this duty of care when it failed to competently obtain and provide programmatic accreditation within a reasonable time.

86.    Defendant's breach of this duty of care was the direct and proximate cause of damages to Plaintiffs.

87.    Defendant's duty of care began at the time that it enrolled Plaintiffs into the HIM program and continued through September 1, 2018, the date on which it promised Plaintiffs that it would fully refund their tuition if it did not achieve programmatic accreditation.

88.    Defendant owed Plaintiffs a further duty of care to provide reasonable and adequate remedial training sufficient to allow a reasonable person, similarly situated to Plaintiffs, to sit for and pass the RHIT exam within a reasonable time.

89.    Defendant breached this duty of care when it failed to provide adequate remedial education and training sufficient to allow a reasonable person, similarly situated to Plaintiffs, to sit for and pass the RHIT exam within a reasonable time.

90.    Defendant incurred this duty as of the date of notifying Plaintiffs of their programmatic accreditation on December 31, 2018.

91.    Defendant's failure to provide adequate training and education was the direct and proximate cause of damages to Plaintiffs.

## Count 7: Quasi-Contract Claims - Breach of Contract Implied in Law & Unjust Enrichment

92.     Plaintiffs re-allege and incorporate herein as if set forth in full, the allegations contained in the paragraphs 1-60 as if copied herein verbatim and further alleges as follows.

93.     In the event that the Court determines that there is no existing enforceable contract, then, in the alternative, Plaintiffs provided a benefit to Concorde in the form of both money and compliance with the academic requirements of Concorde.

94.     Defendant received and appreciated said benefit.

95.     Both parties reasonably understood that Plaintiffs would pay Defendant and comply with academic requirements and that Defendant would confer upon Plaintiffs a programmatically accredited degree upon graduation, within a reasonable time after graduation, or, in no event, later than September 1, 2018.

96.     It would be unjust for Concorde to retain the funds paid for the HIM degree under the circumstances, having provided Plaintiffs an accredited degree so long after graduation that Plaintiffs could not reasonably be expected to make use of said degree to sit for the RHIT exam or have been reasonably expected to wait to pursue their educational and professional goals.

## DAMAGES

97.     Plaintiffs re-allege and incorporate herein as if set forth in full, all of the foregoing allegations as if copied herein verbatim and further alleges as follows.

98.     Plaintiffs have suffered damages both actual and consequential as a direct and proximate result of Defendant's conduct. These damages include, but are not limited to:

        a.      The full cost of tuition fees, expenses, and the costs of purchased materials paid to Defendant for the HIM program;

b.      Any and all interest incurred as a result of student loans that Plaintiffs were induced to take in order to participate in the HIM program;

c.      The value of all time expended in participation in the program during which Plaintiffs could have been otherwise gainfully employed or pursuing alternative educational opportunities;

d.      The value of lost opportunities for job positions for which Plaintiffs were passed over that they would have obtained but-for Defendant's failure to confer upon them an accredited HIM degree;

e.      The value of lost earnings over the reasonable time in which Plaintiffs could have reasonably anticipated being employed in the HIM field with an RHIT certification;

f.      Treble damages for violations of the TCPA;

g.      Punitive damages; and

h.      Attorneys' fees and suit expenses.

**WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that:**

1. This Court award each Plaintiff compensatory damages in an aggregate amount of not less than $7,000,000;

2. This Court award Plaintiffs treble damages;

3. This Court award Plaintiffs punitive damages;

4. The Court award pre-judgment interest;

5. This Court award Plaintiffs their reasonable attorneys' fees and suit expenses.

6. This Court order any further relief to which Plaintiffs may prove entitled.

Respectfully submitted,

BLACK MCLAREN JONES RYLAND & GRIFFEE
A Professional Corporation

By:      */s/Brice M. Timmons*
          BRICE M. TIMMONS (#29582)
          WILLIAM E. COCHRAN (#21428)
          AMY WORRELL STERLING (#25773)
          CHARLES M. MITCHELL (#23789)
          CHRISTOPHER M. WILLIAMS (#36256)
          530 Oak Court Drive, Suite 360
          Memphis, Tennessee 38117
          (901) 762-0535 – telephone
          (901) 762-0539 – facsimile
          btimmons@blackmclaw.com
          wcochran@blackmclaw.com
          asterling@blackmclaw.com
          cmitchell@blackmclaw.com
          cwilliams@blackmclaw.com
          *Attorneys for Plaintiffs*